UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   No. 2:24-cr-00010-JAW |
| | ) |
| NATHANIEL ASHWOOD | ) |
| and LLOYD LYTTLE, | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

Ahead of jury selection in this criminal case, Defendant Lloyd Lyttle sought an order authorizing him to exercise ten peremptory challenges separately from his co-defendant, Nathaniel Ashwood. *See* Motion for Peremptory Challenges (ECF No. 166). The Government opposed the request. *See* Response in Opposition (ECF No. 175). On June 2, 2025, I heard argument on Defendant Lyttle's motion during a conference at which each party's attorneys were present and, after considering their positions, issued an order from the bench granting each defendant one additional peremptory challenge. This order now follows to further memorialize my analysis.

In multidefendant, noncapital felony cases like this one, the Government is allowed six peremptory challenges, and the defendants are jointly allowed ten peremptory challenges.[1] *See* Fed. R. Crim. P. 24(b)(2). The court enjoys broad

---

[1] Each side was also entitled to two peremptory challenges to the alternate pool because the presiding trial judge requested four alternates be impaneled. *See* Fed. R. Crim. P. 24(c)(4)(B).

1

authority to "allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b); *see also United States v. Cox*, 752 F.2d 741, 748 (1st Cir. 1985).

In support of his motion, Defendant Lyttle argues that his defensive strategy is not entirely aligned with that of Defendant Ashwood. *See* Motion at 1. Specifically, he notes that some of the charges in the indictment pertain to only one defendant, and there may be times during the course of the trial when the Government introduces evidence that implicates only one defendant, or one of the defendants may seek to distance himself from the other or cast the other as the more culpable party for some of the alleged criminal conduct. *See id.* Defendant Lyttle also contends that he needs separate and additional peremptory challenges because the wide variety of the alleged criminal misconduct, and the fact that both he and Defendant Ashwood are Black, makes it difficult to suss out biases within the jury pool. *See id.* at 1-2.

I am not convinced that a thorough voir dire, coupled with the special juror questionnaire, was insufficient to vet the prospective jurors' biases. Defendant Lyttle's argument about divergent interests, however, is more persuasive. Although the Defendants' charges all stem from the same nucleus of allegations, their positions and interests are not identical and they may have different priorities during jury selection. I find this is especially true with respect to the Government's allegation that Defendant Lyttle, and not Defendant Ashwood, perpetrated sexual violence. Nonetheless, allowing each Defendant to exercise ten peremptory challenges would result in a severely lopsided and unwieldy jury selection process. *See United States*

*v. Ducheneux*, No. 3:23-CR-30005-RAL, 2023 WL 5748122, at *1 (D.S.D. Sept. 6, 2023) (deferring ruling on the defendants' request for additional peremptory challenges but noting that if their request were granted, it would likely "be no more than one more per defendant and possibly contingent on the [d]efendants agreeing that, in fairness, the Government receive at least one additional peremptory challenge" (cleaned up)); *United States v. Frazier*, No. 3:17-cr-00130, 2019 WL 4242412, at *2-3 (M.D. Tenn. Sept. 6, 2019) (granting the defendants' motion for additional peremptory challenges but expressing concern over the large number requested and leaving "for later the precise number of additional challenges" while remarking that "[w]hatever the number, the Government w[ould] be accorded additional peremptory challenges, so as to keep intact the ratio anticipated by Rule 24(b)").

Accordingly, to account for the Defendants' differing interests while still maintaining both a fair ratio of peremptory challenges and a reasonably sized juror pool, I granted each Defendant one additional peremptory challenge.

**SO ORDERED.**

Dated: June 4, 2025                                      /s/ Karen Frink Wolf
                                                         United States Magistrate Judge

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*